UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-

JAMES JONES,

                Defendant.

------------------------------------------X

16 Cr. 121 (RWS)

SENTENCING
OPINION

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/17

On December 16, 2016, James Jones ("Defendant" or "Jones") pleaded guilty to one count of Hobbs Act Robbery, one count of attempted robbery, and two counts of bank robbery. Based on the conclusions set forth below, Jones will be sentenced to 125 months' imprisonment, subject to the scheduled sentencing hearing on August 1, 2017.

**Prior Proceedings**

Jones was named in a three-count information filed in the Southern District of New York on February 11, 2016. The

Superseding Information was filed on December 16, 2016 and
contains four counts against Jones.

Count One charges that on or about October 5, 2015, in the
Southern District of New York, Jones knowingly committed robbery
- at a Travelex Currency Exchange in New York, New York, by
brandishing what appeared to be a firearm - and thereby
obstructed, delayed, and affected commerce and the movement of
articles and commodities in commerce, in violation of 18 U.S.C.
§§ 1951 and 1952.

Count Two charges that in or about November 17, 2015, in
the Southern District of New York, Jones, by force and violence,
and by intimidation - by brandishing what appeared to be a
firearm - attempted to take from the person and presence of
another money property, and things of value belonging to, and in
the care, custody, control, management, and possession of a
bank, Valley National Bank in New York, New York, the deposits
of which were insured by the Federal Deposit Insurance
Corporation ("FDIC"), in violation of 18 U.S.C. §§ 2113(a) and
2.

Count Three charges that on or about November 20, 2015, in
the Southern District of New York and elsewhere, Jones, by force

2

and violence, and by intimidation - by brandishing what appeared to be a firearm - took and attempted to take from the person and presence of another money property, and things of value belonging to, and in the care, custody, control, management, and possession of a bank, Chase Bank in New York, New York, the deposits of which were insured by the FDIC, in violation of 18 U.S.C. §§ 2113(a) and 2.

Count Four charges that on or about January 12, 2016, in the Southern District of New York and elsewhere, Jones, by force and violence, and by intimidation - by brandishing what appeared to be a firearm - took and attempted to take from the person and presence of another money property, and things of value belonging to, and in the care, custody, control, management, and possession of a bank, Chase Bank in Los Angeles, California, the deposits of which were insured by the FDIC, in violation of 18 U.S.C. §§ 2113(a) and 2.

On December 16, 2016, Jones appeared before the Honorable James C. Francis and pleaded guilty to his criminal conduct as charged in Counts One, Two, Three, and Four.

Jones is scheduled to be sentenced on August 1, 2017.

3

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

(A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

## The Offense Conduct

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

5

The investigation that led to Jones's arrest and indictment was conducted by a New York Police Department ("NYPD") detective assigned to the Federal Bureau of Investigation ("FBI") Bank Robbery/Violent Crime Task Force. The investigation was based on information from surveillance footage, victim statements, and conversations with other law enforcement officers. Jones's robberies were caught on surveillance camera.

On October 5, 2015, at approximately 11:00 AM, an individual later identified as James Jones entered a Travelex Currency Exchange located at the Plaza Hotel at 768 Fifth Avenue, in Manhattan, New York (the "Travelex"). Jones approached an employee ("Victim-1") and requested to purchase 500 Euros in exchange for U.S. Dollars. As Victim-1 began to count out the requested Euros, Jones pulled out a black firearm and pointed it at Victim-1, then grabbed the currency out of Victim-1's hands and exited the Travelex. He had stolen 4,635 Euros, or approximately $6,053 in U.S. Dollars.

Following the October 5, 2015 robbery, law enforcement agents created a wanted posted featuring still images taken from video surveillance footage of the robbery. The poster was circulated to Travelex Currency Exchanges worldwide.

6

On November 17, 2015, at approximately 9:00 AM, Jones entered a Valley National Bank branch at 100 Park Avenue in Manhattan, New York (the "Valley National") and approached the bank teller ("Victim-2"). When Victim-2 looked up from her paperwork, she saw Jones pointing a black firearm in her direction, and Jones then instructed Victim-2 to give him "all the twenties," and to "hurry up." Victim-2 attempted to explain to Jones that there was no cash available in Victim-2's drawer, and Jones fled the Valley National without any cash.

On November 20, 2015, at approximately 12:00 PM, Jones entered the Chase Bank branch located inside 2 Park Avenue in Manhattan, New York (the "Chase") carrying a white FedEx envelope, and he approached the bank employee sitting at window number one ("Victim-3"). When Victim-3 looked up, Jones passed Victim-3 a note which read "I got A Gun and I will use it on anyone in this bank if I don't get what I want [sic] I want $3000 or more." As he passed Victim-3 the note, he instructed Victim-3 to give him all of Victim-3's money and to hurry up, and he then pulled a black firearm from the FedEx envelope he was carrying. Victim-3 grabbed money from Victim-3's cash drawer and passed it to Jones, who placed the money and firearm into the FedEx envelope and exited the Chase. Jones stole $8,100 from the Chase.

On December 17, 2015, an individual matching the description of the robbery suspect and later identified as Jones entered a Travelex Currency Exchange at 1271 Broadway, New York, New York. Upon entering, Jones spoke with a Travelex employee ("Witness-1") and asked to buy Russian currency. Witness-1 recognized Jones from the previously-circulated wanted poster and told Jones that such a transaction was not possible at that time but offered to take Jones's telephone number and call him when the transaction became possible. Jones provided Witness-1 with his telephone number, which Witness-1 later provided to law enforcement.

The telephone number Jones provided to Witness-1 is associated with a public social media profile featuring a photograph of an individual who resembles Jones in the aforementioned attempted bank robbery and other robberies. Law enforcement ran a facial recognition search through its databse, which indicated that the robbery suspect was Jones.

On January 12, 2016, Jones entered a Chase Bank located at 400 S. Hope Street, Los Angeles, California. Jones passed a note to the teller which stated "I got a gun and will use it on bank workers. I deman [sic] $10,000 or more." The teller passed Jones

some money. Jones stole $8,448 from the Chase Bank in Los
Angeles.

On January 26, 2016, law enforcement conducted a photo
array identification with Victim-2 and Victim-3, who both
positively identified Jones as the individual who carried out
the bank robberies on November 17, 2015 and November 20, 2015.

Jones was arrested by FBI agents on February 3, 2016 in
West Hollywood, California. He had, by that time, stolen a total
of $22,601 -- $6,053 from the Travelex, $8,100 from the Chase,
and $8,448 from the Chase Bank in Los Angeles.

**The Relevant Statutory Provisions**

For Count One of the Information, to which Jones pleaded
guilty, the maximum term of imprisonment is 20 years. 18 U.S.C.
§ 1951(a). For Counts Two, Three, and Four, to which Jones also
pleaded guilty, the maximum term of imprisonment is 20 years. 18
U.S.C. § 2113(a). All four offenses are Class C Felonies. 18
U.S.C. § 3559. The maximum fine is $250,000 per count. 18 U.S.C.
§ 3571(b). A special assessment of $100 per count is mandatory.
18 U.S.C. § 3013(a)(2)(A). The Court may impose a term of
supervised release of at most three years, with multiple terms

9

required to run concurrently. 18 U.S.C. § 3583(b)(2); 18 U.S.C. § 3624(e). The defendant is eligible for one to five years' probation. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

Pursuant to 18 U.S.C. § 3663A, restitution in the amount of $22,601 is owed to the U.S. Treasury.

**The Guidelines**

The 2016 edition of the United States Sentencing Commission Guidelines Manual, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

Pursuant to U.S.S.G. § 3D1.2(d), Counts One, Two, Three, and Four cannot be grouped because the counts involve separate victims and separate acts or transactions.

Count One

The Guideline for 18 U.S.C. § 1951 is found in U.S.S.G. § 2B3.1. Pursuant to that section, the base offense level is 20.

10

U.S.S.G. § 2B3.1(a). Because a BB-gun was brandished or possessed during the commission of this offense, a three-level increase is warranted. U.S.S.G. § 2B3.1(b)(2)(E). The adjusted offense level for Count One is 23.

### Count Two

The Guideline for 18 U.S.C. § 2113(a) is found in U.S.S.G. § 2B3.1. Pursuant to that section, the base offense level is 20. U.S.S.G. § 2B3.1(a). Because the taking of property of a financial institution was an object of the offense, a two-level increase is warranted. U.S.S.G. § 2B3.1(b)(1). Because a BB-gun was brandished or possessed during the commission of this offense, a three-level increase is warranted. U.S.S.G. § 2B3.1(b)(2)(E). The adjusted offense level for Count Two is 25.

### Count Three

The Guideline for 18 U.S.C. § 2113(a) is found in U.S.S.G. § 2B3.1. Pursuant to that section, the base offense level is 20. U.S.S.G. § 2B3.1(a). Because the taking of property of a financial institution was an object of the offense, a two-level increase is warranted. U.S.S.G. § 2B3.1(b)(1). Because a BB-gun was brandished or possessed during the commission of this

11

offense, a three-level increase is warranted. U.S.S.G. §
2B3.1(b)(2)(E). The adjusted offense level for Count Three is
25.

### Count Four

The Guideline for 18 U.S.C. § 2113(a) is found in U.S.S.G.
§ 2B3.1. Pursuant to that section, the base offense level is 20.
U.S.S.G. § 2B3.1(a). Because the taking of property of a
financial institution was an object of the offense, a two-level
increase is warranted. U.S.S.G. § 2B3.1(b)(1). Because a BB-gun
was brandished or possessed during the commission of this
offense, a three-level increase is warranted. U.S.S.G. §
2B3.1(b)(2)(E). The adjusted offense level for Count Four is 25.

### Combined Offenses

The combined adjusted offense level is 29 because a four-
level increase is applied for each Unit. U.S.S.G. § 3D1.4(a).
Because Jones has demonstrated acceptance of responsibility for
the offense and because he gave timely notice of his intention
to enter a guilty plea, a two-level sentence reduction pursuant
to Section 3E1.1(a) applies and a one-level reduction pursuant

12

to Section 3E1.1(b) applies. The total combined offense level is 26.

Jones has six criminal convictions from November 15, 1994 to October 15, 1998. These convictions have no bearing on Jones's criminal history points because they occurred more than 15 years prior to the commencement of the instant offenses. U.S.S.G. §§ 4A1.2(e)(1), 4A1.2(e)(3).

On May 1, 2006, Jones was arrested in the Eastern District of Pennsylvania for making false statements in a United States Passport Application; he was sentenced on November 15, 2006 to 18 months' imprisonment, resulting in 3 criminal history points. U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1). On May 1, 2006, Jones was arrested in the Eastern District of Pennsylvania for making false statements in a United States Passport Application. He was sentenced on November 15, 2006 to 18 months' imprisonment, resulting in three criminal history points. U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1). On August 27, 2007, Jones was arrested for attempted robbery in New York. He was sentenced on March 7, 2008 to 42 months' imprisonment, resulting in three criminal history points. *Id.* On March 11, 2011, Jones was arrested for theft in the second degree in Washington, DC. He was sentenced on April 5, 2011 to 25 days' imprisonment, resulting in one

13

criminal history point. U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2). On July 11, 2011, Jones was arrested for illegal possession of a weapon in a motor vehicle in Stamford, Connecticut, and was sentenced on August 10, 2011 to 9 months' imprisonment, resulting in two criminal history points. U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)

The criminal convictions above result in a subtotal criminal history score of nine. The Defendant commenced the instant offenses while under a criminal justice sentence for Passport Fraud; therefore, two points are added. U.S.S.G. § 4A1.1(d). The total criminal history score is 11. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 11 establishes a Criminal History Category of V.

Based on the total offense level of 26 and a Criminal History Category of B, the Guideline imprisonment range is 110 to 137 months. U.S.S.G. Ch. 5, Pt. A. As Counts One through Four are Class C felonies, the Guideline range for a term of supervised release is one to three years on each count. U.S.S.G. § 5D1.2(a)(2). Jones is ineligible for probation. U.S.S.G. §§ 5B1.1, n.2.

14

The fine range identified in the Guidelines is $25,000 to $250,000. U.S.S.G. §§ 5E1.2(c)(3).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the Government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $88, a monthly cost of $2,665, and an annual cost of $31,976 for imprisonment.

Restitution is required in the amount of $22,601. 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1(a)(1).

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not

15

greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report, the Court will impose a sentence within the Guidelines range.

**The Sentence**

For the instant offenses, James Jones shall be sentenced to 125 months' imprisonment followed by a term of three (3) years' supervised release on each count, to run concurrently. Jones is to report to the nearest Probation Office within 72 hours of his release from custody.

As mandatory conditions of his supervised release, Defendant shall:

(1)   Not commit another federal, state, or local crime.

(2)   Not illegally possess a controlled substance.

16

(3)   Refrain from unlawful use of a controlled substance, and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

(4)   Not possess a firearm or destructive device.

(5)   Cooperate in the collection of DNA as directed by the probation officer.

(6)   Make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1)   The Defendant must participate in an outpatient mental health treatment program approved by the United States Probation Office. Defendant must continue to take any prescribed medication unless otherwise instructed by the health care provider. Defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

(2)   The Defendant must submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of supervised release may be found. The search must be conducted as a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant must inform any other residents that the premises may be subject to to search pursuant to this condition.

(3)   The Defendant shall provide the probation officer with access to any requested financial information.

(4)    Defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

(5)    The Defendant shall be supervised by the district of residence.

It is ordered that Defendant shall pay to the United States a special assessment of $400, which shall be due immediately.

It is further ordered that the Defendant make restitution in the amount of $22,601 to the victims in this case. Disbursement will be made to the following victims in the following amounts:

| VICTIM | AMOUNT OF RESTITUTION |
|---|---|
| Travelex Currency Exchange | $6,053 |
| Chase Bank (New York, NY) | $8,100 |
| Chase Bank (Los Angeles, CA) | $8,448 |
| **TOTAL** | **$22,601** |

Restitution should be made payable to the Clerk, U.S. District Court. The restitution shall be paid in monthly installments of 15% of gross monthly income over a period of supervision to commence 30 days after the release from custody. If the Defendant is engaged in a BOP non-UNICOR work program, the Defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the Defendant participates in

the BOP's UNICOR program as a grade 1 through 4, the Defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11. Any payment made that is not payment in full shall be divided proportionately among the persons named.

The Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses in Counts One, Three, and Four.

Because the Defendant does not have the ability to pay a fine, the fine is waived in this case.

The Defendant has been detained without bail since his arrest, and is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

19

It is so ordered.

New York, NY
July // , 2017

_____
ROBERT W. SWEET
U.S.D.J.